IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON MITCHELL, #K-92051, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00720-NJR |
| ) | |
| SALVADOR GODINEZ, ) | |
| BILLIE GREER, KIMBERLY BUTLER, ) | |
| LORI OAKLEY, KENT BROOKMAN,[1] ) | |
| BRANDON ANTHONY, and ) | |
| MICHAEL KEYS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM & ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jason Mitchell, currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

---

[1] Defendant Brookman was inadvertently not included as a Defendant in this case. The Clerk is DIRECTED to add Defendant Kent Brookman as a Defendant at this time.

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

## The Complaint

Plaintiff, an inmate at Menard, alleges that on February 5, 2015, he was wrongfully charged with aiding and abetting a conspiracy to obtain contraband (tobacco products). *See* Doc. 1, p. 4. A few days later, Plaintiff appeared before the Adjustment Committee and pleaded not guilty to the charges. *Id*. Plaintiff requested that he be allowed to call witnesses, but the Committee, consisting of Defendants Brookman and Keys, refused his request. *Id*. Relying on an investigation conducted by Defendant Anthony, an officer with internal affairs, the Committee found Plaintiff guilty of the charges. *Id*. at 7. Plaintiff contends that Defendant Anthony lied and falsified paperwork in order to secure a conviction against Plaintiff. *Id*. In the end, the Committee sentenced Plaintiff to three months demotion to C-Grade, three days segregation, and three months commissary restrictions. *Id*. Defendant Butler, warden at Menard, signed off on the Adjustment Committee's recommendation. *Id*. at 5.

Plaintiff filed multiple grievances with Defendant Oakley, a grievance officer at Menard, regarding the disciplinary hearing, but never received any response. *Id*. He also filed an appeal with the Administrative Review Board. *Id*. at 7. Due to a "technical error," Plaintiff spent over ninety days in segregation, rather than the three days that had been recommended by the Adjustment Committee and approved by the warden. *Id*. at 6.

Plaintiff requests monetary damages and declaratory relief. In addition, although Plaintiff did not file a motion for a preliminary injunction, in his prayer for relief, he requests preliminary injunctive relief. *Id.* at 10. This is the only mention of a preliminary injunction throughout the entire complaint.

## Discussion

**Count 1: Due Process Claim**

Plaintiff claims that that he was deprived due process in his disciplinary hearing, which resulted in the following sanctions: three month demotion to C-grade status, three days of segregation (although it turned out to be over ninety days), and three month loss of commissary privileges.

The first question is whether a liberty interest was, in fact, at stake in the hearings. In *Sandin v. Conner,* 515 U.S. 472, 483-484 (1995), the Supreme Court held that liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." After *Sandin,* in the prison context, protected liberty interests are essentially limited to the loss of good time credits because the loss of such credit affects the duration of an inmate's sentence.

When the loss of good time credit is a sanction for a violation of prison rules, the due process clause requires that an inmate receive the following procedural safeguards during prison disciplinary proceedings: "'(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" *McPherson v. McBride,* 188 F.3d 784, 785-86 (7th Cir.1999) (quoting *Superintendent, Mass. Correctional Institution v. Hill,* 472 U.S. 445, 454 (1985)). In addition, a finding of guilt

cannot be arbitrary. In this regard, the Supreme Court has held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Hill,* 472 U.S. at 455. The "some evidence" standard requires nothing more than a decision that is not arbitrary or lacking support in the record. *McPherson,* 188 F.3d at 786.

In the present case, even if Plaintiff was found guilty, as he was, he did not stand to lose good time credits. Therefore, no legally cognizable liberty interest was at stake in the hearings that would trigger the procedural safeguards demanded by the due process clause. *See Green v. Walker*, 398 F. App'x 166, 168 (7th Cir. 2010) (holding specifically that short-term segregation, grade demotions, and loss of commissary privileges are "insufficient hardships" and do not implicate a protected liberty interest).

Moreover, the fact that Plaintiff's stay in segregation was extended from three days to over three months, due to a technical error, does nothing to help Plaintiff's due process claim. Inmates, generally, have a limited liberty interest in avoiding segregation. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). While not every deprivation of a protected interest triggers due process protections, the Seventh Circuit has noted that "a liberty interest may arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Correction Inst.,* 559 F.3d at 697-98 (7th Cir. 2009) (collecting cases). Plaintiff makes no claim that the conditions of his confinement in segregation were unusually harsh and three months in segregation falls short of the duration required to give rise to a protected liberty interest. For example, in *Marion*, the Seventh Circuit noted that "six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights." *Id*. at 698. Accordingly, **Count 1** shall be dismissed with prejudice.

**Count 2:** **Mishandling Grievances Claim**

In addition, Plaintiff objects to the handling of his grievances and claims that the failure to respond to his grievances further deprived him of his due process rights. But prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). **Count 2**, therefore, shall also be dismissed with prejudice.

Without a cognizable constitutional claim, Plaintiff has no basis for seeking injunctive relief. As such, his request for a preliminary injunction is **DENIED.**

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) fails to state a claim upon which relief may be granted, and this action is **DISMISSED** in its entirety with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C.

§ 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) tolls the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 3, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**